IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICTOF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No. 3:04cr183 |
| ) | |
| ) | JUDGE HAYNES |
| WILLIE MICHAEL JAMES | |

## ORDER

Before the Court is Defendant's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c) (Docket Entry No. 43), to which the Government responded. (Docket Entry No. 46). In October 2005, Defendant pled guilty pursuant to a plea agreement to armed bank robbery (Count 1) and carrying a firearm in connection with a crime of violence (Count 2) under 18 U.S.C. §§ 2113 and 924(c). In January 2006, the Court sentenced Defendant to 70 months on Count 1 and 84 months on Count 2, to run consecutively. Defendant argues that his sentence should be reduced under Amendments 591 and 599 to the United States Sentencing Guidelines and that he should not have received a consecutive sentence under 18 U.S.C. § 924(c).

Under 18 U.S.C. § 3582(c), the Court in certain instances may reduce the sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Yet, Amendments 591 and 599 were already in effect at the time Defendant was sentenced. Thus, Defendant is not entitled to a sentence reduction under 18 U.S.C. § 3582(c).

As to Defendant's alternate argument regarding his consecutive sentence under 18 U.S.C. 924(c), Defendant filed the instant motion after the expiration of the one year statute of limitations under 28 U.S.C. § 2255. Moreover, this argument was recently foreclosed by the Supreme Court in Abbott v. United States, 131 S.Ct. 18, 2010 WL 4569898, *5 (2010), which held that a "defendant is

subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction . . . He is . . . subject to the highest mandatory minimum specified for his conduct in § 924(c), unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum."

For these reasons, Defendant's motion for reduction in sentence (Docket Entry No. 43) is **DENIED.**

It is so **ORDERED**.

ENTERED this the 29th day of November, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge